**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| **TRENT SCHROEDER**<br>**3384 Bordeaux Rue**<br>**Northwood, Ohio 43619**<br><br>        **Plaintiff,**<br><br>**vs.**<br><br>**CITY OF OREGON**<br>**5330 Seaman Road**<br>**Oregon, Ohio 43616**<br><br>**And**<br><br>**OREGON MUNICIPAL COURT**<br>**5330 Seaman Road**<br>**Oregon, Ohio 43616**<br><br>        **Defendants.** | **CASE NO.:**<br><br><br>**Judge**<br><br><br>**<u>COMPLAINT WITH JURY DEMAND</u>**<br><br>**Paoff & Robinson, LLC**<br>Kera L. Paoff  (0082674)<br>Diana Robinson (0086642)<br>Paoff & Robinson, LLC<br>405 Madison Ave., Suite 1100<br>Toledo, Ohio 43604<br>Ph.: (419) 243-9005<br>Fax: (419) 243-9404<br>kera@prwattorneys.com<br>diana@prwattorneys.com<br>*Attorneys for Plaintiff* |

Plaintiff, Trent Schroeder, by and through counsel, complains of Defendants, the City of Oregon and Oregon Municipal Court, and alleges as follows:

<u>**PARTIES**</u>

1. Plaintiff, Trent Schroeder ("Trent") is an individual citizen of the State of Ohio, residing in the City of Northwood, Wood County.

2. Defendant, the City of Oregon ("Defendant City"), is a public employer within the State of

Ohio, County of Lucas.

3. Defendant, Oregon Municipal Court ("Defendant Court"), operates a municipal court in the City of Oregon, County of Lucas, Ohio.

4. Defendant City oversees the operation of and the employment of individuals with Defendant Court.

5. Defendant City and Defendant Court are joint employers of individuals working at Defendant Court, including, but not limited to Trent.

6. Defendant City and Defendant Court are collectively referred to herein as "Defendants".

<b><u>JURISDICTION AND VENUE</u></b>

7. This suit is authorized and instituted pursuant to the Americans with Disabilities Act (the "ADA") of 1990, 42 U.S.C. §§12101 et seq., which prohibits discrimination in employment against a qualified individual with a disability and requires employers to provide reasonable accommodations to qualified employees with a disability.

8. This suit is further authorized by the Age Discrimination in Employment Act (the "ADEA") of 1967, 29 U.S.C. §§ 621 et seq., which makes it unlawful to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age.

9. Trent filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission and received a Notice of Right to Sue on July 17, 2026. This action is being filed within the statutory time period following receipt of the Right to Sue as required by law.

10. Jurisdiction is conferred upon this Court by 28 U.S.C. §1331 because this claim arises out

2

of the laws of the United States. This Court also has jurisdiction pursuant to 29 U.S.C. §2617(a)(2).

11. This court has supplemental jurisdiction under 28 U.S.C. §1367 over the state law claims asserted in this case under Ohio Revised Code § 4112, et seq.

12. Venue is properly laid in the Northern District of Ohio, Western Division, under 28 U.S.C § 1391(b) because the claims alleged herein arose in Lucas County, Ohio, and Defendant is doing business within the jurisdiction of the Court.

## FACTUAL ALLEGATIONS

13. Trent is 64 years of age.

14. Trent began working for Defendants in 2011. At the time of his termination, he worked both as the Court Administrator and Chief Bailiff for Defendant Court.

15. Trent has been diagnosed with Parkinson's Disease.

16. Despite his medical condition, Trent has faithfully and competently performed his job duties for Defendants.

17. Defendants were aware of Trent's diagnosis.

18. Trent's condition, because it did not affect his job duties, was not addressed whatsoever from the date he was hired until following the recent election.

19. Following the election, in or around January of 2026, the Defendant, Jerry Eversman ("Eversman") began asking employees (but not Trent) about Trent's qualifications and condition.

20. On or about January 23, 2026, despite the facts that Trent had been adequately performing his duties for 15 years with his condition and that no incidents had occurred which would suggest his continued adequate performance, a meeting was held, at which Trent's

3

condition was unlawfully disclosed, and his "qualifications" and whether he was "fit for duty" were questioned.

21. For the past 15 years, Trent has had to be recertified in order to work as a bailiff and a sworn peace officer for the City of Oregon.

22. At the meeting on or about January 23, 2026, the Chief of Police, who oversees all recertifications, including Trent's, assured Defendants that Trent was qualified and fit for duty.

23. Chynna Fifer ("Fifer") was appointed interim Law Director in January of 2026.

24. Without any justification or warning, Eversman and/or Fifer began looking into Trent's condition and asking about Trent's qualifications for his position.

25. On or about February 12, 2026, an "anonymous" letter was sent regarding Trent's condition.

26. Trent disputed the allegations in the letter.

27. However, Defendants took no action to investigate where the letter came from or to otherwise address the allegations, despite having evidence that Trent is qualified and fit for his position.

28. On or about April 13, 2026, Fifer was appointed as the full-time Law Director.

29. Soon thereafter, Trent met with one of the Defendant Court's Judge's, Judge Kovacs, and expressed concern about his treatment there.

30. Unfortunately, nothing was done to address his complaint.

31. On or about April 21, 2026, Trent filed an initial inquiry with the EEOC concerning his unlawful treatment.

32. Three days later, on or about April 24, 2026, Trent was terminated.

33. Fifer also inexplicably threatened Trent with criminal prosecution.

## COUNT ONE
## DISABILITY DISCRIMINATION
## ADA, 42 U.S.C. §12101 et seq.

34. Trent realleges paragraphs 1 through 33 as if fully set forth verbatim below.

35. Trent is a qualified individual with a disability as defined in the Americans with Disabilities Act of 1990, 42 U.S.C. § 12111(8).

36. Trent suffers from a physical impairment that substantially limits one or more major life activities; Trent has a record of such an impairment; and/or Defendant regards Trent as having such an impairment.

37. Despite his disability, Trent was able to perform the essential functions of his job with or without reasonable accommodation.

38. Defendant violated 42 U.S.C. §12101, et seq. by terminating Trent based upon his disability or record of disability or because Defendant regarded him as having a disability.

39. As a direct and proximate result of Defendant's actions as set forth above, Trent has been damaged. Trent has suffered:

   a. Lost wages and fringe benefits;

   b. Loss of the opportunity to continue the gainful employment in which he had been engaged;

   c. Loss of future earning and front pay;

   d. Loss of reputation;

   e. Humiliation, embarrassment and loss of self-esteem resulting from his abrupt termination from employment; and

   f. Time and money in endeavoring to protect himself from Defendant's unlawful discrimination, including costs and reasonable attorney's fees of this action.

## COUNT TWO
## Age Discrimination
## ADEA, 29 U.S.C. §§ 621 et seq

40. Trent realleges paragraphs 1 through 39 as if fully set forth verbatim below.

41. Defendant is an employer under the ADEA.

42. Trent is a member of a protected class based on his age because he was 64 years old at the time of his termination.

43. Trent was subjected to an adverse employment action in the form of termination.

44. At the time of his termination, Trent was qualified for his position with Defendant.

45. Following his termination, Trent was replaced by, or his discharge permitted the retention of, persons who are substantially younger and/or Trent was treated differently or less favorably than younger employees.

46. Defendant acted with ill will and malice toward Trent with regard to his legal rights in terminating his employment and otherwise discriminating against him with regard to terms, conditions or privileges of employment, and other matters directly or indirectly related to his employment because of his age.

47. As a direct and proximate result of Defendant's actions as set forth above, Trent has suffered:

     a.     Lost wages;

     b.     Loss of retirement benefits;

     c.     Loss of insurance benefits;

     d.     Loss of other fringe benefits;

     e.     Loss of the opportunity to continue the gainful employment in which he had been engaged;

f.      Loss of future earnings and front pay;

g.      Loss of reputation, humiliation and embarrassment; and

h.      Time and money in endeavoring to protect himself from Defendant's unlawful discrimination, including costs and reasonable attorney's fees of this action.

**COUNT THREE**
**Disability Discrimination**
**O.R.C. §§ 4112.02 (A) and 4112.99**

48. Trent realleges paragraphs 1 through 47 as if fully set forth verbatim below.

49. Trent falls within the protections afforded under R.C. 4112.02(A) because he has a physical impairment or Defendant regarded him as having a physical impairment.

50. Trent was terminated from his position based at least in part because of his physical impairment or because he was regarded as having a physical impairment.

51. At the time of his termination, Trent was able to safely and substantially perform the essential functions of his job with or without reasonable accommodation and he otherwise met the established requirements of his job.

52. Defendant acted with malice and ill will towards Trent and without regard to his legal rights by terminating his employment based in whole or in part on his disability in violation of O.R.C. § 4112.02(A).

53. Defendant's treatment of Trent allowed Defendant to hire and/or retain individuals who do not have a disability.

54. As a direct and proximate result of Defendant's actions as set forth above, Trent has been damaged.  Trent has suffered:

a.      Lost wages and fringe benefits;

7

    b.    Loss of the opportunity to continue the gainful employment in which he had been engaged;

    c.    Loss of future earning and front pay;

    d.    Loss of reputation;

    e.    Humiliation, embarrassment and loss of self-esteem resulting from his abrupt termination from employment; and

    f.    Time and money in endeavoring to protect himself from Defendant's unlawful discrimination, including costs and reasonable attorney's fees of this action.

### COUNT FOUR
### Age Discrimination
### O.R.C. §§ 4112.02 (A) and (N)

55. Trent realleges paragraphs 1 through 54 as if fully set forth verbatim below.

56. At the time of his termination, Trent was qualified for his position with Defendant.

57. After his termination, Defendant was replaced by, or his discharge permitted the retention of, persons who are substantially younger.

58. Defendant acted with ill will and malice toward Trent with regard to his legal rights in terminating his employment and otherwise discriminating against him with regard to terms, conditions or privileges of employment and other matters directly or indirectly related to his employment because of his age.

59. As a direct and proximate result of Defendant's actions as set forth above, Trent has been damaged.  Trent has suffered:

    a.    Lost wages and fringe benefits;

    b.    Loss of the opportunity to continue the gainful employment in which he had been engaged;

    c.    Loss of future earning and front pay;

    d.    Loss of reputation;

e.      Humiliation, embarrassment and loss of self-esteem resulting from his abrupt termination from employment; and

f.      Time and money in endeavoring to protect himself from Defendant's unlawful discrimination, including costs and reasonable attorney's fees of this action.

**WHEREFORE**, Trent prays as follows:

A.      That this Court award such equitable relief as is proper as compensation for loss of Trent's opportunity to engage in gainful employment;

B.      That this Court award Trent an amount to be determined at trial as compensation for humiliation, embarrassment, loss of reputation, and loss of self-esteem;

C.      That this Court award Trent back pay from the time of his termination until the time of his reinstatement with interest or that this Court award Trent front pay and loss of future earnings;

D. That this Court award Trent an amount to be determined at trial as compensation for lost fringe benefits;

E.      That this Court award Trent liquidated damages pursuant to the ADEA;

F.      That this Court award Trent reasonable attorney's fees and the costs of this action; and

G.      That this Court award Trent punitive damages;

H.      That this Court grant Trent such other and further relief as may be just and equitable.

Respectfully submitted,

/s/ *Kera L. Paoff*

9

Kera L. Paoff (0082674)
Paoff & Robinson, LLC
405 Madison Ave., Suite 1100
Toledo, Ohio 43604
Ph.: (419) 243-9005
Fax: (419) 243-9404
*Attorney for Plaintiff*


**PLAINTIFF DEMANDS TRIAL BY JURY**


/s/ *Kera L. Paoff*
Kera L. Paoff (0082674)