**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **TRENT SCHROEDER,** | ) | Case No.: 3:26-cv-01727 |
| Plaintiff, | ) | Judge Jeffrey J. Helmick |
| vs. | ) | **DEFENDANTS' ANSWER WITH JURY DEMAND** |
| **CITY OF OREGON, *et al.*,** | ) | |
| Defendants. | ) | |

* * * * * * * *

Defendants, City of Oregon and Oregon Municipal Court ("Defendants"), by and through their attorneys, state and aver for their Answer to Plaintiff's Complaint as follows:

1. Upon information and belief, Defendants admit the allegations contained in paragraph 1 of Plaintiff's Complaint.

2. Defendants admit the allegations contained in paragraph 2 of Plaintiff's Complaint.

3. Defendants admit the allegations contained in paragraph 3 of Plaintiff's Complaint.

4. In response to the allegations contained in paragraph 4 of Plaintiff's Complaint, Defendants admit that the City of Oregon and the Oregon Municipal Court employ individuals working at the Oregon Municipal Court, including the Plaintiff. Answering further, Defendants deny all other allegations contained in said paragraph, including because the terms "oversees" and "the operation of and the employment of" are subject to multiple meanings and interpretations, which cannot be discerned from this Paragraph, because the allegations of this Paragraph appear to be asking Defendants to render legal conclusions, and because the allegations of this Paragraph

do not appear to accurately describe or represent the roles of the City and the Oregon Municipal Court.

5. In response to the allegations contained in paragraph 5 of Plaintiff's Complaint, Defendants admit that the City of Oregon and the Oregon Municipal Court employ individuals working at the Oregon Municipal Court, including the Plaintiff. Answering further, Defendants deny all other allegations contained in said paragraph.

6. Defendants are without knowledge and information sufficient to form a belief as to the truth of allegations contained in paragraph 6 of Plaintiff's Complaint, and therefore, denies same.

**RESPONSE TO: "JURISDICTION AND VENUE"**

7. Defendants deny the allegations contained in paragraph 7 of Plaintiff's Complaint.

8. Defendants deny the allegations contained in paragraph 8 of Plaintiff's Complaint.

9. In response to the allegations contained in paragraph 9 of Plaintiff's Complaint, Defendants admit that Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission but are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and therefore, deny same.

10. The allegations contained in paragraph 10 of Plaintiff's Complaint are legal conclusions to which no response is required. Nonetheless, Defendants admit that this Court has jurisdiction.

11. The allegations contained in paragraph 11 of Plaintiff's Complaint are legal conclusions to which no response is required. Nonetheless, Defendants admit that this Court has jurisdiction.

12. The allegations contained in paragraph 12 of Plaintiff's Complaint are legal conclusions to which no response is required. Nonetheless, Defendants admit that venue is proper in this Court.

**RESPONSE TO: "FACTUAL ALLEGATIONS"**

13. Upon information and belief, Defendants admit the allegations contained in paragraph 13 of Plaintiff's Complaint.

14. Defendants admit the allegations contained in paragraph 14 of Plaintiff's Complaint.

15. Upon information and belief, Defendants admit the allegations contained in paragraph 15 of Plaintiff's Complaint.

16. Defendants deny the allegations contained in paragraph 16 of Plaintiff's Complaint.

17. Defendants admit the allegations contained in paragraph 17 of Plaintiff's Complaint, to the extent that the alleged "diagnosis" refers to Parkinson's Disease.

18. Defendants deny having knowledge of any alleged disability or condition which would have required Defendants to "address" anything further related to Plaintiff, and deny that they failed to address anything required related to Plaintiff's alleged condition. Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 18 of Plaintiff's Complaint, and therefore, deny same.

19. Defendants deny the allegations contained in paragraph 19 of Plaintiff's Complaint because there is no one named Jerry Eversman who is named as a defendant in this case. Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 19 of Plaintiff's Complaint, and therefore, deny same.

20. Defendants deny the allegations contained in paragraph 20 of Plaintiff's Complaint.

21. Defendants deny the allegations contained in paragraph 21 of Plaintiff's Complaint.

22. In response to the allegations contained in paragraph 22 of Plaintiff's Complaint, Defendants admit that at the meeting on or about January 23, 2026, the Chief of Police, who was tasked with reviewing Plaintiff's recertification, communicated that Plaintiff was fit for duty. Defendants deny the remaining allegations contained in paragraph 22 of Plaintiff's Complaint.

23. Defendants admit the allegations contained in paragraph 23 of Plaintiff's Complaint.

24. Defendants deny the allegations contained in paragraph 24 of Plaintiff's Complaint.

25. Defendants admit only that they became aware of an anonymous letter related to Plaintiff around the referenced timeframe in February 2026. Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 25 of Plaintiff's Complaint, and therefore, deny same.

26. Defendants admit the allegations contained in paragraph 26 of Plaintiff's Complaint.

27. Defendants deny the allegations contained in paragraph 27 of Plaintiff's Complaint.

28. In response to the allegations in paragraph 28 of Plaintiff's Complaint, Defendants admit that Ms. Fifer was appointed the full-time Law Director on April 14, 2026.

29. In response to the allegations contained in paragraph 29 of Plaintiff's Complaint Defendants admit that Plaintiff met with Judge Kovacs and that Plaintiff expressed concerns regarding the Judge's staff, but deny all other allegations contained in such paragraph.

30. Defendants deny the allegations contained in paragraph 30 of Plaintiff's Complaint.

31. In response to the allegations contained in paragraph 31 of Plaintiff's Complaint, Defendants admit that Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission. Defendants deny that Plaintiff was subject to any unlawful treatment. Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 31 of Plaintiff's Complaint, and therefore, deny same.

32. In response to the allegations contained in paragraph 32 of Plaintiff's Complaint, Defendants admit that on or about April 24, 2026, Plaintiff was terminated for engaging in insubordinate behaviors that may rise to the level of criminal conduct and for contributing to a hostile work environment.

33. Defendants deny the allegations contained in paragraph 33 of Plaintiff's Complaint.

**RESPONSE TO: "COUNT I**
**DISABILITY DISCRIMINATION**
**ADA, 42 U.S.C. §12101 et seq"**

34. Defendants incorporate their admissions, denials and responses to paragraphs 1-33 of the Complaint as if fully rewritten herein.

35. The allegations contained in paragraph 35 of Plaintiff's Complaint are legal conclusions to which no response is required. Nonetheless, Defendants deny any alleged violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12111(8).

36. Defendants are without knowledge and information sufficient to form a belief as to the truth of allegations contained in paragraph 36 of Plaintiff's Complaint, and therefore, deny same. Defendant denies that any alleged disability or impairment was a basis or reason for any adverse employment action regarding Plaintiff, including his termination.

37. In response to the allegations contained in paragraph 37 of Plaintiff's Complaint, Defendants admit that Plaintiff was able to perform the essential functions of his job. However, Plaintiff was terminated for engaging in insubordinate behaviors that may rise to the level of criminal conduct and for contributing to a hostile work environment. Defendant denies that any alleged disability or impairment was a basis or reason for any adverse employment action regarding Plaintiff, including his termination. Defendant further denies that Plaintiff requested and was denied any reasonable accommodation.

38. Defendants deny the allegations contained in paragraph 38 of Plaintiff's Complaint.

39. Defendants deny the allegations contained in paragraph 39 of Plaintiff's Complaint, and its subparts.

**RESPONSE TO: "COUNT TWO**
**Age Discrimination**
**ADEA, 29 U.S.C. §§ 621 et seq"**

40. Defendants incorporate their admissions, denials and responses to paragraphs 1-39 of the Complaint as if fully rewritten herein.

41. The allegations contained in paragraph 41 of Plaintiff's Complaint are legal conclusions to which no answer is required. Nonetheless Defendants deny any alleged violations of the ADEA.

42. The allegations contained in paragraph 42 of Plaintiff's Complaint are legal conclusions to which no response is required. Nonetheless, Defendants deny any alleged violations of the ADEA.

43. In response to the allegations contained in paragraph 43 of Plaintiff's Complaint, Defendants admit that on or about April 24, 2026, Plaintiff was terminated for engaging in

insubordinate behaviors that may rise to the level of criminal conduct and for contributing to a hostile work environment. Defendants deny any alleged violations of the ADEA and deny any alleged unlawful discrimination relating to such termination.

44. In response to the allegations contained in paragraph 44 of Plaintiff's Complaint, Defendants admit that Plaintiff was capable of performing the essential functions of his job. However, Plaintiff was terminated for engaging in insubordinate behaviors that may rise to the level of criminal conduct and for contributing to a hostile work environment, which rendered him unqualified to continue his employment.

45. Defendants deny the allegations contained in paragraph 45 of Plaintiff's Complaint.

46. Defendants deny the allegations contained in paragraph 46 of Plaintiff's Complaint.

47. Defendants deny the allegations contained in paragraph 47 of Plaintiff's Complaint, and its subparts.

**RESPONSE TO" COUNT THREE**
**Disability Discrimination**
**O.R.C. §§ 4112.02 (A) and 4112.99"**

48. Defendants incorporate their admissions, denials and responses to paragraphs 1-47 of the Complaint as if fully rewritten herein.

49. The allegations contained in paragraph 49 of Plaintiff's Complaint are legal conclusions to which no answer is required. Nonetheless, Defendants deny any alleged violations of R.C. 4112.02(A)

50. Defendants deny the allegations contained in paragraph 50 of Plaintiff's Complaint.

51. In response to the allegations contained in paragraph 51 of Plaintiff's Complaint, Defendants admit that Plaintiff was capable of safely and substantially performing the essential functions of his job and meeting the established requirements of the job. However, Plaintiff was

terminated for engaging in insubordinate behaviors that may rise to the level of criminal conduct and for contributing to a hostile work environment, which rendered him unqualified to continue his employment. Defendant denies that any alleged disability or any unlawful discrimination was a basis or reason for Plaintiff's termination.

52. Defendants deny the allegations contained in paragraph 52 of Plaintiff's Complaint.

53. Defendants deny the allegations contained in paragraph 53 of Plaintiff's Complaint.

54. Defendants deny the allegations contained in paragraph 54 of Plaintiff's Complaint, and its subparts.

**RESPONSE TO: "COUNT FOUR**
**Age Discrimination**
**O.R.C. §§ 4112.02 (A) and (N)"**

55. Defendants incorporate their admissions, denials and responses to paragraphs 1-54 of the Complaint as if fully rewritten herein.

56. In response to the allegations contained in paragraph 56 of Plaintiff's Complaint, Defendants admit that Plaintiff was capable of performing the essential functions of his job. However, Plaintiff was terminated for engaging in insubordinate behaviors that may rise to the level of criminal conduct and for contributing to a hostile work environment, which rendered him unqualified to continue his employment.

57. Defendants deny the allegations contained in paragraph 57 of Plaintiff's Complaint.

58. Defendants deny the allegations contained in paragraph 58 of Plaintiff's Complaint.

59. Defendants deny the allegations contained in paragraph 59 of Plaintiff's Complaint, and its subparts.

60. Defendants deny that Plaintiff is entitled to any judgment, forms of relief, or damages in his favor, and further specifically denies Plaintiff's entitlement to any of the requested relief or damages set forth in the prayer for relief following paragraph 59 of Plaintiff's Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST AFFIRMATIVE DEFENSE

60. Defendants incorporate by reference all admissions, denials, and allegations previously set forth as though fully rewritten. Any and all allegations contained in the Complaint not expressly admitted are denied.

### SECOND AFFIRMATIVE DEFENSE

61. The Complaint fails to state a claim upon which relief may be granted as to one or more causes of action set forth therein.

### THIRD AFFIRMATIVE DEFENSE

62. Plaintiff was not subject to any discrimination, harassment, retaliation, or other unlawful conduct due to his age, alleged disability, any alleged membership in any protected class, any participation in any alleged protected activity, or any legally protected conduct.

### FOURTH AFFIRMATIVE DEFENSE

63. Defendants did not take any negative or adverse action concerning Plaintiff that was motivated by, because of, or based in any way upon his age, alleged disability, opposition to alleged unlawful discrimination or harassment, participation in any protected activity, or for any other discriminating or harassing reason, and Defendants have not discriminated against, harassed, or retaliated against Plaintiff as a matter of law.

## FIFTH AFFIRMATIVE DEFENSE

64. Any actions concerning Plaintiff and his employment were taken for legitimate, non-discriminatory, non-harassing, and non-retaliatory reasons and were necessitated and motivated by the legitimate business, and financial interests, needs, and demands of Defendants, their employees, and others.

## SIXTH AFFIRMATIVE DEFENSE

65. Plaintiff has unclean hands and has failed to act in good faith.

## SEVENTH AFFIRMATIVE DEFENSE

66. Defendants expressly deny that any of their employees, officials, officers, or agents acted in any manner that would constitute any violation of applicable law; however, if Plaintiff's rights were violated, any such violation occurred outside the scope of employment, without the consent of Defendants, and by a person or persons whose actions are not imputed to Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

67. Even if Plaintiff could prove that an unlawful reason was part of Defendants' decisions to terminate his employment or part of a reason for other employment decisions regarding him, which Defendants expressly deny, Plaintiff's claims must fail because Defendants would have made the same decisions absent any such alleged unlawful reason.

## NINTH AFFIRMATIVE DEFENSE

68. Plaintiff's Complaint should be dismissed because Defendants did not aid, abet, ratify, condone, encourage, or otherwise acquiesce in any alleged discriminatory, harassing, or retaliatory conduct.

**TENTH AFFIRMATIVE DEFENSE**

69. Defendants acted in good faith according to the scope of their duties, rights, and obligations.

**ELEVENTH AFFIRMATIVE DEFENSE**

70. Defendants acted in good faith according to the requirements of law.

**TWELFTH AFFIRMATIVE DEFENSE**

71. The statutory prerequisites under Ohio R.C. Chapter 4112, Title VII, the Americans with Disabilities Act, and the Age Discrimination in Employment Act cannot be established in this case, and, if they were, violations of those statutes cannot be shown. Defendants have complied with all requirements of Ohio R.C. Chapter 4112, Title VII, the Americans with Disabilities Act, the Age Discrimination in Employment Act, and other applicable law.

**THIRTEENTH AFFIRMATIVE DEFENSE**

72. Some or all of Plaintiff's claims are barred because Defendants have consistently exercised reasonable care to prevent discriminatory, harassing, and retaliatory conduct in their employment practices.

**FOURTEENTH AFFIRMATIVE DEFENSE**

73. Defendants did not and do not authorize, condone, ratify, or tolerate acts in violation of the law but instead prohibited and prohibit them, and any such conduct may not be attributed to Defendants through principles of agency, respondeat superior, vicarious liability, or otherwise.

**FIFTEENTH AFFIRMATIVE DEFENSE**

74. On at least some occasions, Plaintiff unreasonably failed to report or take advantage of preventative or corrective opportunities, procedures, and processes provided by Defendants, or failed to follow applicable policies, agreements, law, and practices.

**SIXTEENTH AFFIRMATIVE DEFENSE**

75. On at least some occasions, Plaintiff failed to follow applicable policies, standards, rules, requirements, and practices.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

76. Plaintiff's employment was terminated by Defendants as the result of legitimate, non-discriminatory reasons and circumstances, and was necessitated and motivated by the legitimate business interests, needs, and requirements of Defendants, their employees and officials, and others.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

77. Plaintiff was terminated for multiple conduct and performance-related reasons, including but not limited to threatening and intimidating other employees; failing to comply with directives and requests; violating Defendants' policies, rules, and requirements; information and concerns from other employees corroborating reports and concerns about Plaintiff's conduct and performance; and the need to promote a safe and secure work environment for employees.

**NINETEENTH AFFIRMATIVE DEFENSE**

78. Some of the claims and allegations in the Complaint may be barred by the applicable statutes of limitations, and/or the applicable statutes of repose, and/or the doctrine of laches.

## TWENTIETH AFFIRMATIVE DEFENSE

79. At least some of the claims and allegations in the Complaint may be barred due to Plaintiff's failure to exhaust his administrative remedies and obligations, failure to engage in applicable processes and procedures, and failure to exhaust administrative or other applicable processes.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

80. Plaintiff unreasonably failed to report any alleged claim of age discrimination or disability discrimination during his employment pursuant to Defendants policies and procedures. Defendants exercised reasonable care by implementing policies to prevent and correct discrimination, it if it occurred, which Defendants expressly deny, but Plaintiff unreasonably failed to take advantage of the available policies as well as preventive or corrective opportunities or to otherwise avoid the harm for which he now complains.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

81. Defendants may be entitled to protections, provisions, and defenses within Ohio R.C. Chapter 2744, including but not limited to, collateral sources offsets, protections against subrogation, or other provisions afforded to political subdivisions and their employees.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

82. Defendants deny Plaintiff's prayer for relief in its entirety, and deny Plaintiff's demand for judgment in his favor, damages, costs, and other requested relief, including any request for reinstatement, front pay, future earnings, back pay, lost pay and benefits, fringe benefits, compensatory and punitive damages, emotional or reputational damages, liquidated damages, attorney fees and costs, or other relief.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

83. Any loss, damage, or injury alleged in the Complaint (the supposition that Plaintiff has suffered loss, damage, or injury being made solely for purposes of asserting this affirmative defense) was proximately caused or contributed to by Plaintiff's own behavior, actions or inactions, statements, and performance, and Plaintiff's own behavior, actions or inactions, statements, and performance were the actual cause of any alleged underlying loss, damage, or injury of which he now complains.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

84. Any loss, damage, or injury alleged in the Complaint (the supposition that Plaintiff has suffered loss, damage, or injury being made solely for purposes of asserting this affirmative defense) was proximately caused by acts or events not of Defendants' making, and said acts or omissions were intervening and superseding causes of the alleged loss, damage or injury which Plaintiff now complains.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

85. Plaintiff has failed to mitigate or minimize his damages.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

86. Some or all of Plaintiff's claims may be barred by the equitable doctrines or principles of equity, including waiver, release, or estoppel.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

87. Plaintiff's claims for various types of relief are barred to the extent that Plaintiff failed to make Defendants aware of any alleged disability, or failed to request any accommodation for any alleged disability or impairment, or has admitted that no such accommodation was needed.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

88. Attorney fees and costs are not available to Plaintiff with respect to the claims asserted in his Complaint.

**THIRTIETH AFFIRMATIVE DEFENSE**

89. Plaintiff is not entitled to damages for any alleged noneconomic or emotional injuries as a matter of law.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

90. Any allocation of liability must be consistent with, and must include, the fault of others and non-parties under R.C. §2307.22 and §2307.23.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

91. To the extent Plaintiff sustained any alleged damages as a result of his claims, those damages were *de minimis.*

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

92. Punitive damages are not recoverable against Defendants as a matter of fact or law under the circumstances of this case.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

93. There were no other similarly-situated employees to Plaintiff. Plaintiff's conduct and performance issues involved unique and different conduct and circumstances from any other employee.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

94. Defendants deny all allegations not specifically admitted herein, and reserve the right to amend their Answer or raise additional affirmative or other defenses to Plaintiff's

Complaint as may become available through discovery or otherwise become apparent during the course of this litigation.

**WHEREFORE,** Defendants, City of Oregon and Oregon Municipal Court, respectfully request that Plaintiff's Complaint against them be dismissed with prejudice, that judgment be entered in Defendants' favor, and that Defendants be granted their costs, expenses, and reasonable attorney fees, and that the Court grant to them such further and additional relief to which they may be entitled as a matter of law.

Respectfully submitted,

**SPENGLER NATHANSON P.L.L.**

/s/ *Jennifer A. McHugh*
Byron S. Choka (0014249)
bchoka@snlaw.com
Jennifer A. McHugh (0084842)
jmchugh@snlaw.com
SPENGLER NATHANSON P.L.L.
900 Adams Street
Toledo, Ohio 43604
Telephone: (419) 241-2201
Facsimile: (419) 241-8599

*Attorneys for Defendants*

**JURY DEMAND**

Defendants demand a trial by jury on all issues so triable.

*/s/ Jennifer A. McHugh*
Jennifer A. McHugh (0084842)
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of September, 2026, a copy of the foregoing instrument was filed electronically with the Court's electronic filing system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. A copy has also been sent via email on the 16th day of September, 2026, to the following:

Kera L. Paoff, Esq.
Diana Robinson, Esq.
Paoff & Robinson, LLC
405 Madison Ave., Suite 1100
Toledo OH 43604
kera@prwattorneys.com
diana@prwattorneys.com

*Attorneys for Plaintiff*

*/s/ Jennifer A. McHugh*
Jennifer A. McHugh (0084842)
*Counsel for Defendants*

814425